UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JELANI MERRITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:13-CV-829 RM |
| | ) |
| | ) |
| MICHAEL GRZEGOREK, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Jelani Merritt, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 7.) The court must review the complaint and dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th

Cir. 2010) (emphasis in original). Nevertheless, a *pro se* complaint must be liberally construed, "however inartfully pleaded." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

This is Mr. Merritt's second attempt to state his claims; his original complaint was stricken due to numerous deficiencies. The court provided him an opportunity and specific instructions on how to properly plead his claims. In this pleading, Mr. Merritt complains about a number of conditions at the St. Joseph County Jail. He first alleges that in June 2013, the lock system at the jail failed due to a power outage. As a result, inmates had to remain in their cells for a three-day period while the system was repaired. The intercom system was also down due to the outage and inmates were unable to call for assistance, but guards walked through the corridors periodically to check on the inmates. Mr. Merritt doesn't allege that he was injured as a result of this incident, but he didn't like being in his cell for three days because he couldn't shower, exercise, or have visits with his family.

Because Mr. Merritt is a pretrial detainee, the Fourteenth rather than the Eighth Amendment applies to his conditions of confinement claim. <u>Lewis v. Downey</u>, 581 F.3d 467, 473 (7th Cir. 2009). The governing standards are functionally equivalent, and "anything that would violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id.* In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). The objective prong asks whether

the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Inmates are entitled to be provided with adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). "[T]he Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), and inmates can't expect the "amenities, conveniences, and services of a good hotel." Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988).

On the subjective prong, the inmate must show that the defendant acted with deliberate indifference to his health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* McNeil v. Lane, 16 F.3d 123, 125 (7th Cir. 1993) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

The events Mr. Merritt describes were no doubt unpleasant, but a short-term loss of exercise, showers, or visits isn't the type of severe deprivation that would give rise to a constitutional violation. *See* Delaney v. DeTella, 256 F.3d 679, 687 (7th Cir. 2001) (denial of exercise for less than 90 days did not give rise to

3

constitutional violation); Henderson v. Lane, 979 F.2d 466, 468–469 (7th Cir. 1992) (limiting inmates to weekly showers does not violate the Eighth Amendment); *see also* Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650 (7th Cir. 2012) ("Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment."); Caldwell v. Miller, 790 F.2d 589, 593 n.16 (7th Cir. 1986) ("mere inactivity, lack of companionship and a low level of intellectual stimulation do not constitute cruel and unusual punishment").

Mr. Merritt doesn't allege an intentional deprivation by jail officials; he describes an unusual situation caused by a power outage. If he is trying to allege that jail officials were negligent in failing to upgrade the lock system before the outage, this would not give rise to a claim of deliberate indifference in any event. *See* McNeil v. Lane, 16 F.3d at 125 (negligence not sufficient for Eighth Amendment liability); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (inmate who alleged short-term deprivation "and an unintended one at that" did not allege a plausible constitutional claim). Mr. Merritt hasn't alleged a plausible constitutional claim based on this incident.

Mr. Merritt next alleges that he was served food items beyond the expiration date on the packaging, including snack foods he purchased at the commissary.[1] Inmates are entitled to a nutritionally adequate diet, but not to food that is tasty,

---

[1] He refers to grievances attached to his original complaint, in which he complained that he purchased stale ramen noodles and refried beans from the commissary. (DE 1-1 at 2, 4.)

hot, or even appetizing. Lunsford v. Bennett, 17 F.3d 1574, 1578 (7th Cir. 1994); Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988). Mr. Merritt doesn't allege that he has been deprived of an adequate diet, or that he suffered an injury from a lack of food, only that certain items have been given to him that were stale or unappetizing. This isn't the type of severe deprivation that amounts to a constitutional violation.

Mr. Merritt next alleges that there is mold in areas of the jail, which was cleaned up after inmates complained to the health department. He fears that jail staff have "slacked back off"in cleaning the mold since the health department visited the facility. While the mold might be unsightly or unpleasant, Mr. Merritt doesn't allege that he suffered an injury as a result of this condition, other than concern that it might effect his health. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The mere presence of mold or mildew at the jail does not establish a constitutional violation. *See* Carroll v. DeTella, 255 F.3d 470, 473 (7th Cir. 2001) ("[F]ailing to provide a maximally safe environment, one completely free from pollution or safety hazards, is not [cruel and unusual punishment]."); McNeil v. Lane, 16 F.3d at 125 (inmate's exposure to moderate levels of environmental contaminants did not violate the Eighth Amendment, because such exposure "is a common fact of contemporary life and cannot, under contemporary standards, be considered cruel and unusual").

Finally, Mr. Merritt alleges that the jail is excessively dirty and infested with insects that bite him and sometimes get into his food, making it difficult for him to eat. The complaint can be read to allege that these problems are interrelated, and that Mr. Merritt sought medical treatment for the insect bites. Although the problem's severity is hard to assess on paper, at this stage the court must draw all inferences in Mr. Merritt's favor. Giving him the inferences to which he is entitled, being subjected to these conditions over a period of months could constitute a denial of the civilized measures of life's necessities. Antonelli v. Sheahan, 81 F.3d at 1431 (inmate's allegation that prison was infested with pests over a period of months stated a viable Eighth Amendment claim); Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992) (prisoner stated Eighth Amendment claim where he alleged he was held in filthy cell that was infested with insects, among other deficiencies).

On the subjective prong, however, Mr. Merritt doesn't name any defendant who was personally aware of these conditions and turned a blind eye to his health and safety. He names the jail itself, but this is a building, not a person or even a policy-making body that can be sued for constitutional violations. 42 U.S.C. § 1983; Dye v. Wargo, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "§ 1983 applies only to a 'person' who acts under color of state law."). He also names "Memorial Hospital staff" as a defendant, but a private hospital can't be sued for constitutional violations, Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 823 (7th Cir. 2009), nor is there any basis for inferring that staff at a private

6

hospital would be responsible for maintaining cleanliness standards at the jail. He also names jail warden Julie Lawson and St. Joseph County Sheriff Michael Grzegorek as defendants, but they can't be held liable just because they oversee operations at the jail. Chavez v. Ill. State Police, 251 F.3d 612, 651 (7th Cir. 2001); *see also* Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's."). Mr. Merritt doesn't claim to have complained to either official directly, nor are there other allegations from which it can be plausibly inferred that these officials were personally aware of these issues and did not nothing to remedy them. Thus, he can't proceed on a claim for damages against these defendants.

Mr. Merritt also seeks injunctive relief directed toward ameliorating these conditions, and unlike a claim for monetary damages, an official capacity claim for equitable relief doesn't require personal involvement by the defendant. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). The warden, as the official overseeing operations at the jail, is an appropriate defendant for purposes of such a claim, since she could ensure that orders pertaining to the conditions at the jail are carried out. *Id.* Accordingly, Mr. Merritt will be allowed to proceed on a claim for injunctive relief against the warden in her official capacity.

For these reasons, the court:

> (1) GRANTS the plaintiff leave to proceed on a Fourteenth Amendment claim against Julie Lawson in her official capacity for injunctive relief pertaining to substandard conditions at the jail;

(2) DISMISSES Michael Grzegorek, St. Joseph County Jail, and Memorial Hospital staff as defendants;

(3) DISMISSES any and all other claims contained in the amended complaint;

(4) DIRECTS the U.S. Marshals Service to serve Julie Lawson; and

(5) ORDERS Julie Lawson to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim on which Mr. Merritt has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: October __31__, 2013

                                            ___/s/ Robert L. Miller, Jr._____
                                            Judge
                                            United States District Court