UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JELANI MERRITT, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:13-CV-829 RM |
| MICHAEL GRZEGOREK, *et al.*, | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Jelani Merritt, a *pro se* prisoner, is proceeding on a claim regarding the conditions of his confinement at the St. Joseph County Jail. (DE 8.) The sole remaining defendant, jail warden Julie Lawson, moves for summary judgment on the ground that Mr. Merritt didn't properly exhaust his administrative remedies before filing suit. (DE 18.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in

that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

To begin with, the record reflects that Mr. Merritt was given proper notice of the motion (DE 20), making his response due on or before March 3, 2014. *See* N.D. IND. L. R. 56-1(b). The deadline has passed, and to date no response or objection has been received.[1] Under N.D. IND. LOCAL RULE 7-1(d)(4), a party's failure to file a response within the time prescribed can subject the motion to summary ruling. However, "[s]trict enforcement of [local rules and deadlines] does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992). Rather, that failure "causes all factual assertions alleged by the opposing party to be deemed admitted." *Id.* The court still must "make the further finding that given the undisputed facts, summary judgment is proper as a matter of law." *Id.*

Under the Prison Litigation Reform Act ("PLRA"), prisoners can't bring suit in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative

---

[1] Mail sent to Mr. Merritt by the clerk was returned as undeliverable, with the notation that he is no longer at the jail. (DE 16.) He hasn't provided the clerk with an updated address, despite being told of his obligation to do so when he filed his complaint. (*See* DE 7 at 6.)

2

defense on which the defendant bears the burden of proof. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Our court of appeals has taken a "strict compliance approach to exhaustion." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Mr. Merritt presents a claim that the jail was excessively dirty and infested with insects. (DE 8 at 6.) The record shows that he was housed at the jail from approximately June 2013 to November 2013. (DE 7 at 3; DE 19-1, Lawson Aff. ¶¶ 6, 10.) At all relevant times, the jail had a grievance procedure in place. (DE 19-1, Lawson Aff. ¶¶ 5-6.) Mr. Merritt was given a copy of the grievance procedures. (*Id.* ¶ 7.) A record is kept of all inmate grievances, and those records reflect that during his time at the jail, Mr. Merritt didn't file a grievance about the jail being excessively dirty or infested with insects, although he used the grievance process three separate times to complain about other matters. (*Id.* ¶¶ 8-9.)

Because Mr. Merritt didn't avail himself of the grievance process with respect to the issues raised in this lawsuit, he didn't properly exhaust his available administrative remedies. *Pozo*, 286 F.3d at 1025. This action must be dismissed pursuant to 42 U.S.C. § 1997e(a). It isn't clear whether Mr. Merritt still has the ability to exhaust at this stage, but because jail staff could allow him to cure his omission, the dismissal will be without

prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For the reasons set forth above, the defendant's motion for summary judgment (DE 18) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: April  15 , 2014.　　　　　　　　  /s/ Robert L. Miller, Jr.  
　　　　　　　　　　　　　　　　　　　　　Judge  
　　　　　　　　　　　　　　　　　　　　　United States District Court